UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMES V. ISHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:04-CV-427 |
| ) | (PHILLIPS/SHIRLEY) |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's motion for summary judgment [Doc. 11] and the defendant's motion for summary judgment. [Doc. 13]. Plaintiff James V. Isham seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the Commissioner.

The ALJ made the following findings:

1. The determination issued August 24, 2001, is eligible for reopening and revising for any reason. Giving the claimant the benefit of every doubt, the prior application is reopened and the determination revised under 20 C.F.R. § 404.988.

2. The claimant met the disability insured status requirements of the Act on May 25, 1999, the date the claimant stated he became unable to work, and continued to meet them through December 31, 1999.

3. The claimant has not engaged in substantial gainful activity since May 25, 1999.

4. The medical evidence establishes that the claimant has severe impairments including recurrent headaches and arthritis, but that he does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.

5. The claimant's subjective complaints are not credible to the extent alleged.

6. The claimant has the residual functional capacity to perform work-related activities except for the following limitations: lifting a maximum of about 20 pounds occasionally and 10 pounds frequently; standing and/or walking about six hours in an eight hour workday for a maximum of about thirty minutes at a time; sitting about six hours in an eight hour workday for a maximum of about sixty minutes at a time; occasional climbing stairs, stooping and crawling; limited but satisfactory ability to: maintain concentration of persistence; demonstrate reliability; and deal with work stresses, during the period from May 25, 1999 through December 31, 1999 (20 C.F.R. § 404.1545).

7. The claimant is unable to perform his past relevant work as an aircraft mechanic and grocery stocker.

8. The claimant's residual functional capacity for the full range of light work is reduced by

           the limitations described in Finding No. 5.

9.      The claimant was, at most 46 years old during the period from May 25, 1999 through December 31, 1999, which is defined as a younger individual (20 C.F.R. § 404.1563).

10.     The claimant has a high school education (20 C.F.R. § 404.1564).

11.     In view of the claimant's age and residual functional capacity, the issue of transferability of work skills is not material (20 C.F.R. § 404.1568).

12.     If the claimant had the capacity to perform the full range of light work, section 404.1569 of Regulations No. 4, and Rule 202.21 or 202.22, of Appendix 2, Subpart P, Regulations No. 4 would direct a conclusion that the claimant is not disabled. If the claimant were limited to no more than the full range of sedentary work, Rule 201.21 or 201.22, would direct a conclusion of disabled.

13.     Although the claimant's exertional limitations do not allow him to perform the full range of light or sedentary work, using the above-cited rule(s) as a framework for decisionmaking, there are a significant number of jobs in the national economy which he could perform. Examples of such jobs are: cashier, product packager, inspector/checker, telemarketer, dispatcher and counter rental clerk. There are over 28,000 such jobs in the regional economy and over 1,000,000 in the nation.

14.     The claimant was not under a disability as defined in the Social Security Act, at any time through the date of this decision (20 C.F.R. § 404.1520(f)).

(Tr. 21-22).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. 42 U.S.C. § 405(g). See Warner v. Commissioner of Social Security, 375 F.3d 387 (6th Cir. 2004); Siterlet v. Secretary of Health and Human Services, 823 F.2d 918, 920 (6th Cir.1987); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir.1986). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. See Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453 n.4 (6th Cir. 1986); see also Dorton v. Heckler, 789 F.2d 363, 367 (6th Cir. 1986) (held that in a close case, unless the court is persuaded that the Secretary's findings are "legally insufficient," they should not be disturbed). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Siterlet, 823 F.2d at 920 (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)).

Plaintiff filed his application[1] for benefits in February 2002, alleging disability from May 25, 1999 based on migraine headaches, lower back pain, arthritis, and

---

[1] The ALJ noted the following procedural history in this case:
> The claimant previously filed an application for a period of disability and disability insurance benefits [on] July 9, 2001. He alleged disability due to a combination of impairments with an alleged onset date of May 25, 1999. This application was denied initially [on] August 24, 2001. This determination is eligible for reopening for any reason. Giving the claimant the benefit of every doubt, the prior application is reopened and the determination revised under 20 C.F.R. 404.988.

(Tr. 16).

depression. (Tr. 23-25, 31). Plaintiff's date last insured was December 31, 1999, so the relevant period of time is very short, from May 25, 1999 through December 31, 1999. (Tr. 36).

Plaintiff argues that the ALJ erred in not properly weighing the opinion of his treating physician Dr. Harris and in not requiring a consultative examination because of his mental impairment. He also contends that a sentence six remand is warranted. The Commissioner maintains that the only issue is whether or not substantial evidence supports the decision of the ALJ that plaintiff was not disabled on or before December 31, 1999.

Plaintiff asserts that the ALJ failed to give adequate weight to the opinion of Dr. Harris, one of his treating physicians. Plaintiff is a veteran, and most of the medical evidence comes from the Veterans Administration ("VA"). Plaintiff asserts that the only mention by the ALJ of the report of Dr. Harris, a physician with the VA who treated the plaintiff, is in a footnote to his decision. (Tr. 17). Plaintiff argues that he had begun treatment with Dr. Harris before the date she indicated because he had seen her on November 9, 1999 (Tr. 114), July 5, 2000 (Tr. 113), and July 8, 2000 (Tr. 128). Plaintiff maintains that there were a number of entries in the record close to or within the relevant time period.

However, the Commissioner argues that Dr. Harris' name does not appear in the VA records during 1999, so because she was not a treating physician during the relevant time period, the ALJ discounted her opinion. (Tr. 17, 167). Furthermore, the Commissioner points out that the treatment record dated November 9, 1999 indicates that plaintiff saw Dr. Crowder, not Dr. Harris on that date. (Tr. 117). Therefore, the record clearly shows that Dr. Harris did not treat plaintiff during 1999, before his insured status expired. The other treatment records plaintiff references are

5

after his last insured date. Although plaintiff saw Dr. Harris in March 2000, he did not mention depression and even stated that medication "generally gets rid of" the headaches. (Tr. 114). The Commissioner contends that the VA records reflect that, although plaintiff complained of a variety of impairments, he was successfully treated with medication and that none of these impairments were disabling before December 31, 1999. Moreover, the Commissioner notes that even if Dr. Harris could be considered a treating physician, plaintiff was seen by physicians Dr. Weissfeld and Dr. Huddleston, whose opinions do not support Dr. Harris' opinion of disability. (Tr. 19). The Commissioner insists that the ALJ noted most of the treatment records from the VA and discussed plaintiff's treatment history in detail (Tr. 17-20), citing Walker v. Secretary of Health and Human Services, 884 F.2d 241, 245 (6th Cir. 1989) (ALJ need not address every piece of evidence in the record). Therefore, the Commissioner maintains that Dr. Harris' opinion was not consistent with the evidence, was not supported by findings during the relevant time period, and was not binding because the ultimate determination of whether plaintiff is disabled rests with the Commissioner. (Tr. 17, 19).

Next, plaintiff argues that the ALJ did not give appropriate weight to his psychological condition and that this case should be remanded for further development and a consultative examination. Plaintiff contends that the ALJ erred in finding that he had made no complaints of depression during the relevant time period, noting that in October 27, 1998, November 9, 1999, and February 13, 2001 statements were made regarding his depression. (Tr. 97, 100-101). However, the Commissioner points out that although the plaintiff refers to his self-reported symptoms on VA clinic forms, the Commissioner notes that he did not discuss his alleged

6

Case 3:04-cv-00427   Document 15   Filed 06/03/05   Page 6 of 9   PageID #: 18

mental impairments with the physicians he saw at that time and that no mental health treatment was suggested. (Tr. 73-75, 97, 101, 117, 120). Moreover, the Commissioner insists that plaintiff's argument that his psychological condition required a consultative examination assumes that he had a mental impairment during the relevant time period. The Commissioner maintains that for a consultative examination to be necessary, there has to be more than a vague reference.

A claimant has the burden of not only establishing his disability, but also establishing that he became disabled before the expiration of his insured status, which in this case was December 31, 1999. See 20 C.F.R. § 404.1512 (you have to prove that you are disabled and must bring to the agency's attention medical and other evidence that can be used to reach conclusions about your medical impairments); Moon v. Sullivan, 923 F.2d 1175, 1182 (6th Cir. 1990) (claimant must prove that he was disabled before insured status expires).

I find that the ALJ reasonably determined that the plaintiff did not establish disability on or before his date last insured, December 31, 1999. As the Commissioner points out, Dr. Harris did not treat the plaintiff during the relevant time period, and although she opined that plaintiff was disabled, that is a decision within the province of the Commissioner. 20 C.F.R. § 404.1527(e)(2). Furthermore, Dr. Harris' opinion is inconsistent with the opinions of physicians Dr. Weissfeld and Dr. Huddleston, which the ALJ considered in conjunction with all the other medical evidence. Also, I agree with the Commissioner that more than just plaintiff's self-reported complaints are necessary before a consultative psychological examination is warranted. Therefore, I do not find error with the weight assigned to Dr. Harris' opinion or with the ALJ's failure to order a consultative psychological examination, and I find that the ALJ considered all the evidence in making his

residual functional capacity ("RFC") determination. Maziarz v. Secretary of Health and Human Services, 837 F.2d 240, 247 (6th Cir. 1987) (ALJ's function is to determine what medical restrictions a plaintiff is under and how such restrictions affect his RFC.).

Lastly, plaintiff argues that he meets the requirements for a sentence six remand for the additional evidence submitted to the Appeals Council.

This Court may consider evidence submitted after the ALJ's decision only for the purpose of determining whether remand is appropriate under sentence six of 42 U.S.C. § 405(g). Cotton v. Sullivan, 2 F.3d 692, 696 (6th Cir. 1993). To obtain a sentence six remand, the moving party must show that the evidence is new, that it is material, and that there exists good cause for the failure to have incorporated this evidence in the prior record. 42 U.S.C. § 405(g).

The Commissioner maintains that a sentence six remand is not warranted in this case because plaintiff has failed to meet the preceding three requirements. She contends that plaintiff's argument that he changed attorneys after the hearing does not satisfy the "good cause" requirement. Plaintiff admits that he has no explanation for why the additional evidence was not obtained for the ALJ's consideration. To meet the good cause requirement, a claimant must give a valid reason for failing to obtain the evidence before the ALJ decision. Cline v. Commissioner of Social Security, 96 F.3d 146, 149 (6th Cir. 1996). In light of the foregoing, I find that plaintiff has failed to satisfy the "good cause" requirement for remand, and thus, I need not address the other requirements for sentence six remand.

8

Accordingly, it is hereby **RECOMMENDED** that the plaintiff's motion for summary judgment [Doc. 11] be **DENIED** and that the defendant's motion for summary judgment [Doc. 13] be **GRANTED**.[2]

Respectfully submitted,

   s/ C. Clifford Shirley, Jr.   
United States Magistrate Judge

---

[2]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).